IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-124 |
| | ) | |
| DANNY L. DURHAM and E. TIMOTHY O'BRIEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Federal Correctional Institution McDowell in Welch, West Virginia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place in Augusta, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

    **A.    BACKGROUND**

In his complaint, Plaintiff named Danny L. Durham and E. Timothy O'Brien, his retained defense attorneys, as Defendants. (Doc. no. 2, pp. 1, 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In April of 2022, Plaintiff retained Defendant Durham as his defense attorney in two state criminal cases. (Id. at 5.) "Mr. Durham did not defend the plaintiff of the state pending offenses during his federal trial . . . after plaintiff was federally sentence[d] he was sent to face pending state charges." (Id.) After Defendant Durham sought legal assistance from an "appeal specialist" to assess if there was error in the federal trial proceeding, and the specialist "did not find anything wrong", Defendant Durham "ceased and abandoned Plaintiff['s] case. . . . while Plaintiff['s] case was pending and avoided his obligation to his client." (Id.) Defendant O'Brien "was also involved in this situation… when Danny L. Durham neglected his obligation in July 2022 during an attorney-client visit at [Charles B. Webster Detention Center]" because Defendant O'Brien deprived him of his "attorney-client confidentiality rights" by calling a family member in the United States Attorney's Office for information on Plaintiff's indictment. (Id.) Plaintiff alleges both defendants failed to adequately represent him by neglecting to "address the Court with motions that would have made a difference in the outcome of the trial," by failing to go over the Presentence Investigation Report with Plaintiff, by attempting to withdraw from representing Plaintiff, and by failing to follow up on information which would have bolstered Plaintiff's case and led to a different outcome for his federal trial. (Id. at 6-7.)

Plaintiff states "he is not challenging his conviction or sentence here[.]" (Id. at 8.) He seeks money damages from each Defendant and injunctive relief in the form of disbarring both Defendants. (Id. at 9.)

    **B.**    **DISCUSSION**

        **1.**    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief. See 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Failure to state a claim under § 1915A(b) is "no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)." White v. Lemma, 947 F.3d 1373, 1377 (11th Cir. 2020) (*per curiam*) (citing Jones v. Bock, 549 U.S. 199, 215-16 (2007)), *abrogated on other grounds by* Wells v. Brown, 58 F.4th 1347 (11th Cir. 2023).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow

3

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

  **2.  Plaintiff Fails to State a Valid § 1983 Claim Against Defendants**

  Defendants Durham and O'Brien are not proper parties under § 1983 because they are not state actors. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "[A] defense attorney is not a state actor under section 1983." Rolle v. Raysor, 267 F. App'x 925, 926 (11th Cir. 2008). A "defense attorney in private practice . . . is not deemed to be an actor under the 'color of state law.' Even a defense attorney employed [by] the Public Defender's Office 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Christopher v. Gourjian, No. 2:10-CV-498, 2010 WL 3294344 (M.D. Fla. Aug. 20, 2010) (quoting Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)). As Plaintiff's claims against Defendants rest entirely on their roles as Plaintiff's retained defense attorneys, and Plaintiff fails to provide any facts that would suggest Defendants acted on behalf of or in concert with the state, he fails to state a valid § 1983 claim against them.

  **C. ANY POTENTIAL STATE LAW CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE**

  To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the

United States Constitution." Id. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction.  Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a federal claim upon which relief may be granted, any potential state law claims be dismissed without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA